*173
 
 Nash, J.
 

 The only question is, whether the action was properly brought.
 
 The feme
 
 relator is one of the next of kin of Mabel Clark, and entitled to a distributive share of her estate. She and her husband assigned their interest to one John Smith, an 1 the action is brought on their relation to the use of Smith, on the administration bond, against the administrator and his sureties. On the part of the defendants, it is alleged the action ought to have been brought on the relation of Smith. We agree with the Court below, that it is properly brought. To sustain the defence, several cases have been referred to ; none of them we think have that effect. In
 
 Wright
 
 v.
 
 Lowe, 2
 
 Murph. 336, the petition was filed in the County Court, and the objection was to the jurisdiction. The decision is, that the County Court had jurisdiction, and that the purchaser of a distributive share may file a petition in his own name, it being in the nature of a suit in Equity. The case of
 
 Dozier
 
 v.
 
 Muse, 2
 
 Hawk. 482, was in Equity, and decided, that, though a distributive share of
 
 a, feme covert
 
 in property, not divided, could not be levied on at law, the husband might assign it, so as to bind the wife. The action in this case is at law, and the question is, as to the legal rights of the parties. The legal title being in the relators, and not assignable at law, they are properly made parties. In Equity, when the assignment by the husband of the wife’s chose in action is absolute-and unconditional, leaving in the assignor no liability, the assignee
 
 may
 
 sue without making the assignor a party.
 
 Thompson
 
 v.
 
 McDaniel, 2
 
 Dev.
 
 &
 
 Bat Eq. 463. But if any interest remain in the assignor, he must be a party. We think, therefore, that the action was properly brought, and that it is not affected by the death of the husband, but survived to the wife.
 
 Hardie and Cotton,
 
 1 Ire. Eq. 61.
 

 Ter Cursam.
 

 'Judgment affirmed.